LEMMONS & CO., INC., GIBCO MOTOR EXPRESS, INC., GIBSON COAL COMPANY, INC., TRINITY TRUCKING & MATERIALS CORP., HALEY BROS. COAL & SUPPLY, INC., ELMER BUCHTA, BUTLER TRUCKING, INC., CARMICHAEL TRUCKING COMPANY, DON'S TRUCK SERVICE, INC., H & H BULK TRANSPORT, INC., SKINNER MOTOR EXPRESS, INC., LESTER L. LEE, LYNN TRUCKING, INC., SILVAN TRUCKING COMPANY, INC., SOUTHARD TRUCKING CO., INC., CHARLES SMOCK TRUCKING, INC., JAMES L. COLLINS d/b/a COLLINS TRUCK SERVICE, RALPH H. CORN *v.* INDIANA COOPERATIVE HAULING ASSOCIATION, INC., AND JERS COOPERATIVE HAULING ASSOCIATION, INC.

[No. 2-176A29. Filed March 15, 1978.]

*Michael V. Gooch, Harrison, Moberly & Gaston,* of Indianapolis, for appellants.

*William Julian II, John J. Thar, Lewis Bowman, St. Clair & Wagner,* of Indianapolis, for appellees.

STATON, P.J. — The petitioners filed a complaint with the Public Service Commission of Indiana against the respondents. The complaint alleged that the respondents were operating as motor carriers throughout the State of Indiana and were violating the regulations of the commission. The respondents filed a motion to dismiss, contending that, because of their nonprofit status, they were not subject to regulation by the commission. The commission determined that the respondents were nonprofit corporations, and, therefore, statutorily exempt from regulation. Accordingly, the Commission granted the motion to dismiss. In their appeal to this Court, the petitioners contend that: (1) the decision of the commission is not supported by sufficient evidence; and (2) the commission's conduct denied the petitioners equal protection of the law.

We affirm.

## I.

### Sufficiency of the Evidence

The Motor Carrier Act of 1935[1] was enacted in order to regulate motor carriers operating in the State of Indiana. Certain carriers, however, are exempt from the provisions of the Act and the regulations promulgated thereunder. Among the exempt carriers are motor vehicles owned, leased, operated or controlled by nonprofit cooperative associations in

---

1. IC 1971, 8-2-7-1, *et seq.*, Ind.Ann.Stat. § 47-1211, *et seq.* (Burns 1965).

existence prior to July 6, 1961. IC 1971, 8-2-7-3(g), Ind.Ann.Stat. §
47-1213(g) (Burns 1965).

The Act vests with the Public Service Commission powers of
supervision, investigation, and enforcement. More specifically, IC
1971, 8-2-7-6 provides:

> "Upon complaint in writing filed with the commission or upon
> the commission's own initiative without complaint, the commis-
> sion may investigate whether or not *any person subject to the pro-
> visions of this act* has failed to comply with any provisions of this
> act or with any requirement established pursuant thereto." (Our
> emphasis).

Here, the Commission concluded that the respondents were not
"subject to the provisions of the act" inasmuch as they were non-
profit cooperatives in existence prior to July 6, 1961. In
arriving at that conclusion, the Commission relied primari-
ly on an examination of the respondents' Articles of
Incorporation. Those Articles show that the respondents were in-
corporated pursuant to the Indiana Not-For-Profit Corporation Act.[2]
The precise issue presented for our consideration is whether the
Articles constitute sufficient evidence to support the Commission's
finding that the respondents are, at the present time, nonprofit
corporations.[3] We conclude that they do.

The Articles of Incorporation are not merely self-serving declara-
tions of the respondents. Only after the secretary of state has deter-
mined that an organization is a bona fide nonprofit organization can
that organization be incorporated under the Not-For-Profit Corpora-
tion Act. IC 1971, 23-7-1.1-63. Thus the Articles show that at the
time of their incorporation, the respondents were nonprofit corpora-
tions. The secretary of state and attorney general are further
obligated to initiate involuntary dissolution proceedings in the event
that an organization incorporated pursuant to the Not-For-Profit
Corporation Act fails, at any time subsequent to its incorporation,
to conduct its business as a nonprofit corporation. IC 1971,
23-7-1.1-63. In light of the duties imposed upon the secretary of state

2.  IC 1971, 23-7-1.1-1, *et seq.* (Burns Code Ed.).

3.  The petitioners do not dispute the Commission's finding that the respondents
were in existence prior to July 6, 1961.

and the attorney general, we hold that unless and until involuntary dissolution proceedings are initiated, the commission can rely on the Articles of Incorporation to determine the nonprofit status of a corporation.

## II.

### Constitutionality of the Commission's Actions

The petitioners further contend that the Commission, in dismissing the complaint for lack of jurisdiction without first making its own investigation into the facts upon which jurisdiction was alleged, deprived the petitioners of the equal protection of the law. We find no merit in that contention. The Commission, as noted earlier, has no jurisdiction to proceed against non-profit motor carriers. We also noted that the secretary of state has a statutorily-imposed duty to investigate an organization before he allows that organization to incorporate pursuant to the Not-For-Profit Corporation Act. Additionally, we noted that it is incumbent upon the attorney general to initiate involuntary dissolution proceedings whenever a nonprofit corporation ceases to conduct its business as such. Here, the respondents were incorporated pursuant to the Not-For-Profit Corporation Act. We therefore conclude that the Commission was not required to conduct its own investigation, that it could instead rely upon the results of the secretary of state's investigation and the failure of the attorney general to initiate involuntary dissolution proceedings, and that the petitioners were not deprived of the equal protection of the law.

The order of the Public Service Commission is affirmed.

Robertson, C.J., (By designation), concurs.

Garrard, J., concurs in result.

NOTE — Reported at 373 N.E.2d 891.